GEORGE THOMPSON, *appellant*, v. THE STATE OF KANSAS, *appellee*.

*Criminal Appeal from Leavenworth County.*

AFFIDAVIT FOR CONTINUANCE AS EVIDENCE.—Where an affidavit for a continuance on the ground of absent witnesses is filed by the defendant in a criminal case, and the prosecutor for the state consents that the same shall be read in evidence as the statement

and testimony of such absent witnesses, it is proper for the district court, or for the criminal court, as in this case—under the provisions of Rule 14 of the Supreme Court to refuse this application and direct the trial to proceed.*

The opinion of the court hereto attached, contains a statement of the facts of the case sufficient for a fair presentation of the points raised and determined.

*Byron Sherry* and *F. P. Fitzwilliam*, for appellant.

*David J. Brewer*, attorney for Leavenworth county, for the State.

*Byron Sherry* and *F. P. Fitzwilliam*, for appellant, submitted:

1.   The appellant was entitled to a reasonable time in which to obtain the attendance of his witnesses. § 10, *State Const. Bill of Rights;* § 189, *Crim. Proc. Comp. L.,* 264; 1 *Chitty's C. L.,* 491.

2.   Refusal to grant a reasonable time to appellant to obtain the attendance of an absent witness, or his testimony, was an *abuse* of discretion on the part of the court, affecting materially the substantial rights of said appellant, which a reviewing court will reverse.   *M' Carty v. Patton's Ex'rs,* 3 *J. J. Marsh.,* 263; *Sims v. Alcorn,* 1 *Bibb,* 248; *Ogden v. Payne & Holmes,* 5 *Cowen,* 15; *Mercer v. Sayer,* 7 *Johns.,* 306.

3.   On the first application for a continuance on the part of the appellant, he is not bound to disclose what facts the absent witness would testify to, nor the name of the witness.   But a disclosure of the evidence and witnesses grants no right to the State to force appellant into

---

*1.  SUPREME COURT RULE 14.—Rule 14, of the Supreme Court, prescribing the manner of application for continuances, is applicable to criminal as well as civil cases.

2.  AFFIDAVIT AS EVIDENCE.—It seems that, to prevent a continuance, where application is made on affidavit, it is not necessary that the opposite party should admit that the statements of the affidavit are true, but only that the witnesses named therein will testify to the statements made.

trial by proposing to admit the evidence, as the record shows in this case. *Duncan v. Tomasin, Mich.* 38; *Geo.* 3; *Midd. Pr.*, 708; *Cookson v. Simpson*, 1 *Chitt. R.*, 686, *Note a; Perillits v. Tiffany*, 2 *Mart., La., R.* 134; *Smith v. Dobson*, 2 *Dowl. & Ry.*, 420; *Buckingham v. Banks*, [*Note a*,] to *Brown v. Murry*, 4 *id.*, 830; *Bank of Utica v. Hiliard*, 7 *Cowen*, 385; *Jackson v. Mason*, 1 *Dall.*, 136; *Symes v. Irvins*, 2 *id.*, 384.

4. " It is not sufficient that the opposite party should admit that the witness would have testified to the specific facts; there must be an admission that those facts are absolutely true." *People v. Vermilyea*, 7 *Cowen*, 367; *Prill v. Lord*, 14 *Johns.*, 341; 8 *Indiana*, 114, 281; 9 *Indiana*, 340, 564; *Goodman v. State of Tennessee*, 1 *Meigs*, 195.

Our statute, section 264, Compiled Laws, page 275, gives this court the right to review the interlocutory orders of inferior courts, and is made a ground for granting a new trial.

The appellant was entitled to the full effect of the testimony of his witnesses, and in criminal cases, where life and liberty are at stake, every facility should be given to the accused to procure the personal attendance of the witnesses. It is idle to say that the mere affidavit itself is an equivalent to the testimony of witnesses upon the stand. Every practitioner knows and realizes the difference between oral and written testimony; with what intense interest the jury will listen to the statements detailed by the witness upon the stand, and what indifference they manifest to the reading of affidavits or depositions.

*David J. Brewer, county attorney* for Leavenworth county, submitted:

1. Under rule 14, of the Supreme Court, an affidavit

for continuance, filed by defendant, the state has a right to admit that the witnesses, named therein, will so swear as stated therein, and, thereupon, it is the duty of the court to overrule the application for continuance. *Rule* 14 *of Supreme Court; Comp. L.,* 264, § 189.

2.   The question of continuance is a matter chiefly of discretion, and a judgment will not be reversed unless it clearly appear that the court below has abused that discretion.

20 *U. S. Digest,* 205; 21 *id.,* 122, [*or* 10 *Ohio St.,* 598 *to* 691;] 22 *id.,* 136, [*or* 10 *Iowa,* 351 *to* 506; 11 *Iowa,* 271;] 23 *id.,* 118, § 22, [*or* 10 *Cal.,* 180;] 24 *id.,* 134, [*or* 23 *Cal.,*] 156;] 18 *Ind.,* 362 *to* 435; 28 *Ind.,* 299; 2 *Wharton,* 2935 *to* 2937; 20 *New Hamp.,* 344.

*By the Court,* Safford, J.

In this case, which was a criminal prosecution for grand larceny, an application was made to the court below, on behalf of the appellant, then defendant, for a continuance, on the ground of inability to procure the testimony of two witnesses, who were absent from the State, and therefore beyond the jurisdiction of the court. The affidavit filed in support of the application was in proper and usual form, and set out in full the evidence expected to be obtained.   No objection was taken to the said affidavit, but on the presentation thereof to the court, the counsel for the prosecution consented that the same should be read in evidence on the trial of the case as the statement and testimony of the absent witnesses; and thereupon the court ordered the trial to be proceeded with.   The defendant was convicted as charged and, upon the overruling of a motion made in his behalf for a new trial, was sentenced to imprisonment in the penitentiary.

It is claimed for the plaintiff in error that the court erred in directing the trial to proceed when the prosecution had consented to the reading in evidence of the affidavit for a continuance, for such was the substantial consequence of the statement and admission which was made.

Rule fourteen of the Supreme Court, which treats of, and is wholly confined to the subject of continuances, reads as follows:

SUP. CT. RULE 14: Continuances. "In all applications for a continuance of a cause in the district court, on the ground of inability to procure the testimony of an absent witness, the party making the application, shall state in the affidavit what he expects to prove by such witness, and also what acts of diligence he has employed to procure the testimony of such witness; and if the court find the testimony material, and that due diligence has been used, said cause may be continued, unless the opposite party consent to the reading of such affidavit in evidence, in which case the trial may proceed, and said affidavit be read on the trial, and treated as the deposition of an absent witness."

Here, then, so far as is known to us, is to be found the criterion by which to regulate the practice, as to continuances, in cases like the one at bar, or, indeed, in all cases in the district court, whether civil or criminal, which is provided by, or in pursuance of, the statutes of this state. Such being the fact, we have only to inquire whether or not in this case, the court below proceeded in accordance therewith. Referring to the facts as they appear in the statement made above, or more particularly, in the record before us, we think that the action of the court, in this particular, was fully authorized by the provisions of the rule, and should therefore be sustained.

It will be seen, that when the court directed the trial to proceed, it was the right of the defendant to have his

affidavit for a continuance read in evidence, and treated as the deposition of the absent witnesses, and this right was secured by him, but this was the extent of his rights in this regard, and the court correctly so held, when refusing to charge the jury, as requested by the defendant's counsel, " That the affidavit offered in evidence by the defendant herein, must be received by them as absolutely true, and not that the witnesses would swear to the facts, if on the stand, as stated in the affidavit."

2. " The prosecuting attorney having admitted the affidavit in question, that admission by the prosecuting attorney admits the truth of the facts contained in the affidavit."

AFFIDAVIT AS Evidence. We are aware that a different practice has obtained, and been followed in some of our sister states, as to this matter of continuances.

But on an examination of the cases which show such different practice, we find that it was consequent upon the adoption of a very different rule from ours, either statutory or otherwise, and hence these cases, to some of which counsel have referred, are not applicable to the question here presented.

As to the question of the relative merits of the different rules referred to, it is, perhaps, not necessary to inquire, and we have no disposition at this time, so to do.

Several other points are raised in the record, but are not insisted upon by counsel for the plaintiff in error, and may therefore be passed over. We have then only to add that we find no error in the record of the court below, such as will justify this court in disturbing the judgment hereinbefore rendered, and said judgment is therefore affirmed.

All the justices concurring.