Graham v. State.

## GRAHAM v. STATE.

1. CRIMINAL PROCEDURE: *Right of accused to process for witnesses.*
   The constitutional right of a person accused of crime " to have compulsory process for
   obtaining witnesses," Art. 2, sec. 10 Const., 1874, means that when the witnesses are
   within the jurisdiction of the court, he shall have the aid of the law to compel their
   personal attendance at his trial; and it is essential to the enjoyment of this right that
   reasonable time be allowed for making the process effectual. The legislature may
   make reasonable laws regulating the use of such process in criminal cases, but a
   statute which has the effect of denying to the accused its use is void.

Graham v. State.

:2. SAME:  *Same.  Application for continuance.*

Section 190 of the Criminal Code (Mansf. Dig., sec. 2189) provides that the law in regard to the postponement of civil actions shall apply to the postponement of criminal prosecutions on behalf of defendants ; and section 340 of the Civil Code, as amended in 1879, (Mansf. Dig., sec. 5108) provides that if upon a motion to continue a cause on account of the absence of a witness " the adverse party will admit that on the trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause." Held: That it is *not* within the power of the legislature to make this provision applicable to motions for continuance in criminal prosecutions, since by substituting the affidavit to the motion ,for the witness, and thus avoiding the necessity of bringing the witness himself before the court, the effect of the statute would be to deny to the accused the constitutional right " to have compulsory process " for compelling the attendance of witnesses.

APPEAL from *Benton* Circuit Court.
J. M. PITTMAN, Judge.

*L. Gregg and B. R. Davidson,* for appellant.

Art. 2, sec. 10, const., 1874, guarantees to the defendant in all criminal prosecutions the right " to have compulsory process for obtaining witnesses in his favor." To grant an attachment for his witnesses and then force him into trial immediately, upon the admission of the prosecuting officer, that the witnesses, if present, would testify to the facts stated in the motion for continuance, is a mockery of justice. The defendant is entitled to have his witnesses present, if within the jurisdiction of the court, and any law depriving him of this right is unconstitutional. *Mansf. Dig.,* sec. 5108; *Acts,* 1887, *p.* 19; 4 *S. W. Rep.,* 24.

*D. W. Jones,* Attorney General, for appellee.

The language of the bill of rights of Kansas on this subject (Const., sec. 10) is substantially the same as ours, and it was held that a rule of the supreme court which provides that when a defendant files an application for a continuance on the ground of absence of a material witness,

Graham v. State.

he must state what he expects to prove by said witness, and thereupon the cause shall be continued, unless the opposite party consent to the reading of such affidavit in evidence, in which case the trial shall proceed, &c., applied to civil and criminal cases alike, 5 *Kans.*, 159 ; 6 *Id.*, 209.   Afterwards this rule was made an act by the legislature, and it was held to apply to criminal cases as well as civil.   20 *Kans.*, 311.

COCKRILL, C. J.   On the 20th of May, 1887, the grand jury of Washington county returned an indictment against the appellant for arson.   On the 25th day of the same month he waived arraignment, entered a plea of not guilty to the charge, and filed a motion for a change of venue. The court directed the cause to be removed to the Benton circuit court to be tried at its next September term, and caused the witnesses for the prosecution and defence to enter into recognizance to appear in that court on the 13th of October — a day of the September term — to give testimony upon the trial to be had at that time.   The cause was transferred to the Benton circuit court, and on the 13th of October — the day named for the trial — three of the defendant's witnesses, who had been placed under recognizance to appear on that day, and who resided in an adjoining county, not being present, he moved the court for compulsory process to bring them into court, and asked that the cause be postponed until the process could be executed.   The court awarded process as requested, but refused to postpone the trial.   The defendant then filed his motion for a continuance of the cause, and the court after holding the affidavit sufficient, and that the defendant was entitled to the postponement, overruled the motion upon the offer of the prosecuting attorney to admit that the absent witnesses, if present, would swear to the facts set forth in the affidavit, and directed that the trial proceed.   The defendant

objected to being placed upon trial upon the concession made by the state, and insisted upon having the personal presence of his witnesses. His objections were disregarded; he was convicted, brought his exceptions upon the record and appealed.

Section 340 of the civil code as enacted in 1868 provided that a continuance might be refused if the opposing party would consent that upon the trial the statements contained in the application should be taken as true. A section of the criminal code made this provision applicable to postponements of criminal prosecutions on behalf of defendants. *Cr. Code, sec.* 190. The statute remained thus until 1879, when section 340 of the civil code was amended so as to authorize the refusal of the application for a continuance upon the admission by the adverse party that the absent witnesses, if present, would testify to the statements contained in the application. The provision as amended, like the one it superseded, was designed to apply to civil causes, and the question is, is it applicable to criminal prosecution? Conceding that it was the intention by section 190 of the criminal code (*Mansf. Dig.*, sec. 21891) to extend the operation of the civil procedure, as amended, to criminal prosecutions, as was ruled in *Edmonds v. State*, 34 *Ark.*, 720, the question of the power of the legislature to make such practice applicable to criminal prosecutions, remains for determination.

1. CRIMI-
NAL PRO-
CEDURE:
Right of
accused to
process
for wit-
nesses.
Section 10 of the declaration of rights in the constitution of 1874, among other things, guarantees to the accused in all criminal prosecutions the right "to have compulsory process for obtaining witnesses in his favor."

It is not necessary to recount the evils entailed by the ancient criminal prosecution when the accused was allowed to swear no witness to his defense, or to give the history of the struggle which led to the guaranty to the

Graham v. State.

accused of the right to have his witnesses deliver their testimony orally at the time and place of trial, in order to understand the meaning of this provision. "Compulsory process for obtaining witnesses" means the right to invoke the aid of the law to compel the personal attendance of witnesses at the trial, when they are within the jurisdiction of the court. It is a substantive right, a real right, and not an illusory sham to be satisfied by the issue of process, which is to be rendered ineffectual by hastening on to immediate trial. A reasonable opportunity to make the process effective must be afforded, else what the framers of the constitution term "a right to be enjoyed" by the accused, is only a mockery to vex him. The process is "for obtaining witnesses" — not the less availing concession of the prosecuting officer that the witnesses, if obtained, would swear to the statements made by the accused. The personal presence of a witness of truth is of inestimable value before a jury, and if the application of the statute in question to criminal prosecution would abridge the constitutional right to compel his attendance, the statute cannot be made to apply to that class of cases. The legislature is powerless to proceed in the face of the constitutional restraint. No consideration of expediency, of cost or convenience in the rapid disposition of causes on the criminal calendar can enter into the determination of the question — it is simply one of power, and in that the constitution has set the boundary to the courts and legislature alike, without granting to either the discretion to depart from its mandate upon any idea of expediency.

The statute which governs postponements of trials in civil cases, and which the learned circuit judge in this case took for his authority in denying the appellant's application for a postponement, after defining the nature

2. SAME:
*Same:*
Application for continuance.

of the matters to be set forth in an application for a continuance, among which is a statement of the facts he believes the absent witnesses would prove, proceeds as follows: "If thereupon the adverse party will admit that on the trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause; provided the opposite party may controvert the statement so set forth in said motion for continuance by evidence." *Mansf. Dig.*, sec. 5108.

Missouri had just such a statute designed to control criminal prosecutions. In arriving at its meaning and effect Black, J., in a recent case said: "In every case where the accused makes a good showing for a continuance, he is bound (by the terms of the statute) to go to trial without his witnesses, and without process for them, if the prosecuting officer sees fit to say he will let the accused take the affidavit, in so far as it states what the defendant expected to prove, as the evidence of the absent witness. The defendant may show that he has used all reasonable efforts to have his witnesses summoned, that they are within the jurisdiction of the court and can be served; or he may show that they have been served, but do not appear, and can and ought to be attached; yet in all these cases he must go to trial without them. The statute makes no exception. Its evident purpose is to substitute the affidavit for the witnesses and thus avoid the necessty of bringing the witnesses before the court. The plain sense of the law is to deprive the accused of the right "to have process to compel the attendance of witnesses in his own behalf." *State v. Berkely*, 4 *S. W. Rep.*, 24.

There is no difficulty in reaching the conclusion that the prevision of our statute above quoted if enforced in

criminal prosecutions would have the effect here ascribed to the Missouri law. It was enacted as a part of the civil procedure, and the primary object in view was to enable the party opposing the continuance to prevent the delay incident to bringing in his adversary's witnesses or depositions. When the required admission is made the party asking the postponement is forced to accept the statutory terms and take the admission at the trial in lieu of his witnesses. *Hibbard v. Kirby*, 38 *Ark.* 102.

No constitutional objection to such legislation is apparent when applied to civil causes. The legislature may make reasonable laws regulating the use of process employed to bring witnesses before the courts in criminal prosecutions, but a statute which has the effect of denying to the accused the use of such process, is void. *State v. Berkely, sup.*; *Homan v. State*, 23 *Tex. Ct. App.*, 212; *Roddy v. State*, 16 *Tex. Ct. App.*, 502; *People v. Diaz*, 6 *Cal.*, 158; *Goodman v. State, Meigs (Tenn.)*, 195; *Van Meter v. People*, 60 *Ill.*, 168.

We are cited to the case of *State v. Adams*, 20 *Kans.*, 311, as upholding the validity of a law similar to the one under consideration. The constitutionality of the act is not mentioned in the opinion in that case, but the judgment is rested, without discussion, upon the earlier cases of *Thompson v. State*, 5 *Kans.*, 159, and *State v. Dickson*, 6 *Id.*, 209, where a rule of court adopting the practice afterwards sanctioned by legislative enactment, was sustained. But the earlier cases relied upon are both instances of applications for continuance where the absent witnesses were beyond the jurisdiction of the court, where compulsory process could not reach them. A continuance, so far as the trial court could know, would only bring their written evidence to the consideration of the jury. It therefore deprived the accused of no constitu-

tional right to require him to take his own written state-
ment of what he could prove as the deposition of his
witnesses.

A large measure of discretion is vested in the trial
courts in reference to postponement of trials. It is
within the range of this discretion to force the prosecu-
ting officer to submit to a postponement or to permit the
statement of the testimony of the absent witness to go to
the jury in some form. This is commonly done by re-
quiring an admission of the absolute truth of what is
expected to be proved. 1 *Bishop Cr. Proc.*, sec. 951, a. But
in a case where the court would be clearly justified in re-
fusing the continuance without the imposition of terms,
the accused would be aided rather than injured by an
admission such as the statute requires, and it is then per-
missible. *Starr v. State*, 25 *Ala.*, 46; *State v. Geddii*, 42
*Ioua*, 264; *State v. Jennings*, 81 *Mo.*, 185; *Adams v. State*,
*supra*. But the sanction which this practice receives
from the courts cannot help the statute.

The practice is in promotion of justice and deprives
the defendant of no right; the statute is in derogation of
a constitutional right. The application for continuance
under the sanctioned practice is addressed to the discre-
tion of the court, subject to be controlled by the appel-
late tribunal, if capriciously exercised, (*Loftin v. State*, 41
*Ark.*, 153); while under the statute the court's discretion
may be overridden by a prosecuting officer who is in-
vested with the irresponsible power of thus depriving the
defendant of his constitutional privilege of process for
his witnesses. That result was reached in this case in
undertaking to follow the statute.

But it is beyond the power of the legislature to make
such practice as the statute contemplates control crimi-

nal prosecutions.    Let the judgment be reversed and the cause remanded for a new trial.