Ladd v. Flato.

No. 21,250.

J. B. LADD, *Appellee*, v. F. W. FLATO, *Appellant.*

SYLLABUS BY THE COURT.

APPLICATION FOR CONTINUANCE—*Bad Faith.* Record examined, and held sufficient to justify the trial court's decision that an application for a continuance on account of sickness of a litigant was not made in good faith; that the pretended sickness was only feigned; and that the purpose of the application was merely to hinder and delay the administration of justice.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed January 12, 1918. Affirmed.

*O. C. Zwicker,* of Eureka, for the appellant.

*D. H. Branaman,* of Topeka, and *Howard J. Hodgson,* of Eureka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The only question here concerns the propriety of the trial court's refusal to grant a continuance.

The plaintiff sued the defendant for the half of a commission on a sale of real estate. At a first trial of the action there was a verdict for plaintiff, but it was for an inadequate sum and was set aside and a new trial awarded. The second trial was set for October 11, 1916, the plaintiff coming all the way from Minnesota to attend it. On the day set for the trial, the defendant, who resided in Kansas City, Mo., sent a telegram from Alamosa, Colo., stating that he was sick and unable to attend court, and that he was sending an affidavit by mail. This telegram was presented to the court, and an oral application was made for a continuance. Counsel for plaintiff immediately telegraphed an attorney in Alamosa to ascertain the facts. This Colorado attorney investigated and promptly telegraphed an answer, that defendant looked well but had refused to let a physician examine him. The telegram of inquiry and answer were also presented to the court, and thereupon the application was denied and the cause proceeded to trial and judgment.

On the hearing of the motion for a new trial, the facts of defendant's pretended sickness were thoroughly aired. Defendant and his personal physician made affidavits showing defendant's sickness at and about the time of the trial. The physician swore that defendant was under his care from October 7 until October 14. Plaintiff produced affidavits of persons who knew defendant and who had seen him on Otcober 11, 1916, and during some days prior thereto, and afterwards in Alamosa, Del Norte, and Antonito, Colo.; that he was then apparently in good health; that he took his meals at a hotel in Alamosa; that he attended a fair at Del Norte, thirty miles away, having journeyed thereto by train; and that he was in Antonito, twenty-nine miles from Alamosa, on October 12, apparently in good health. Other circumstances were shown which tended to discredit the good faith of defendant's physician and to discredit his certificate and affidavit. Under this showing it must be held that there was ample evidence to justify the trial court in holding that on October 11, 1916, the defendant was not sick and unable to come and attend to his lawsuit, and that he had only been feigning sickness to hinder and delay the administration of justice.

Judgment affirmed.