No. 22,113.

THE ECONOMY HOG AND CATTLE POWDER COMPANY, *Appellee*, v. J. ED BILBY, *Appellant*.

SYLLABUS BY THE COURT.

1. APPLICATION FOR CONTINUANCE—*Bad Faith—Judicial Discretion*. The record examined, and no error disclosed in the overruling of a motion for a continuance based upon the alleged ground of defendant's sickness and consequent inability to attend the trial.

2. SAME. Where facts and circumstances tend to cast doubt as to the truth of matters averred in affidavits offered to support a motion for a continuance, or to raise a judicial suspicion that the motion was made for mere delay, and to hinder the administration of justice, there is no abuse of discretion in denying the continuance.

49—104 KAN.

Appeal from Logan district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 10, 1919. Affirmed.

*Albert Hoskinson, R. W. Hoskinson,* and *Robert S. Field,* all of Garden City, for the appellant.

*R. D. Armstrong,* of Scott City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Error is here assigned on the trial court's refusal to grant a continuance. Plaintiff sued defendant on a verified account for merchandise. The answer was a verified denial.

On the day of the trial, April 23, 1918, a motion for a continuance on account of defendant's sickness was filed by his counsel. To support the motion, an affidavit of a person in Sedgwick county, signing himself, "Dr. C. P. Colvin," was presented. It recited that the defendant had been under the affiant's care for more than two weeks, suffering from apoplexy, and that it would not be safe for defendant to leave for Logan county for ten days. This affidavit was made on April 18. The defendant also made an affidavit, in Sedgwick county, dated April 19, to the same effect. Defendant's counsel also made an affidavit, which was obviously true, that he could not conduct the defense without the presence of his client.

The plaintiff's evidence tended to show that the affidavits of defendant and his doctor were not true; that defendant was in Scott county on April 16, during the period of his pretended apoplectic illness; that he then appeared to be in usual health; that the motion for a continuance and the affidavits of defendant and the doctor were made to effect what plaintiff had declined to agree to at defendant's solicitation—consent to a continuance. The matter was one for the exercise of the trial court's discretion. The court apparently disbelieved the affidavits of defendant and the doctor. It does not appear that the court abused its discretion. Neither the record nor the brief of defendant gives an intimation that there was a *bona fide* defense to plaintiff's verified account. The case seems to fall within the rule applied in *Ladd v. Flato,* 102 Kan. 312, 169 Pac. 958. (See, also, *Beard v. Mackey,* 51 Kan. 131, 32 Pac. 931.)

In 9 Cyc. 137, it is said:

"The party applying must in all cases make it appear that his application is made in good faith and not for the purpose of delay, and the continuance may be refused if the circumstances cast suspicion on the good faith of the application and induce the belief that it was intended only for delay."

Affirmed.