No. 30,490.

JACK ROBERTS, *Appellee*, v. SANFORD R. SINKEY, *Appellant*.

No. 30,491.

RAY SCHEINERT, a Minor, by WILL SCHEINERT, His Father and Next Friend, *Appellee*, v. SANFORD R. SINKEY, *Appellant*.

(15 P. 2d 427.)

Opinion filed November 5, 1932.

*W. L. Joyce*, of Paola, for the appellant.
*Karl V. Shawver*, of Paola, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J: These appeals are in two separate actions tried in the district court separately, and separate judgments were rendered in favor of two separate plaintiffs but against the same defendant. They involve the same facts generally except as to the items of damage sustained. They were appealed separately but were submitted on review together. They are both actions for damages on account of an automobile collision. Appellee Roberts was driving one of the cars, and appellee Ray Scheinert, a minor, who appears here by his father and next friend, was a passenger in the car driven

by Roberts. The trial court rendered judgment for Roberts and against defendant, after a verdict by the jury, in the sum of $800 and in favor of the father and next friend of the other plaintiff and against the defendant for $450. The first case was tried to a jury, as shown by the journal entry, on February 25, 26 and 27, 1931, and the second case was tried to a different jury on February 26 and 27, 1931. Motions for new trials were filed in both cases within time and overruled.

The first question for consideration is the overruling of two motions for a continuance because of the illness of the defendant which prevented him from being present. These motions were supported by an affidavit made by the attorney for defendant and an affidavit of the attending physician of the defendant. The latter contained the following sentences:

"The said S. R. Sinkey has been under my care and treatment for the past several months, and he is at this time a very sick man, suffering with the following affliction: Rheumatism and the heart complications which often go with it. He also has nephritis and kidney trouble which makes it absolutely necessary for him to remain in his home until he recovers from these conditions which I very much expect will be two or three months yet, so I have refused to permit him to leave his room, for to do so would seriously endanger his life at present."

A telegram was presented by plaintiff on this hearing, signed by the city marshal of the Texas town where the defendant resided, reading as follows: "Sanford Sinkey's health is apparently good." This telegram evidently impressed the court to the detriment of the defendant, as it naturally would, and the court in effect overruled the motion for continuance but yielded to the insistence of the attorney for defendant by postponing the trial seven days so as to give an opportunity to have the defendant present. On February 25, 1931, the day set for the trial, the motions were renewed using the same affidavit of the attending physician, also an affidavit of the wife of the defendant who was present in court at that time, which verified the statements of the physician as to the serious illness of the defendant and his inability to attend; also a new affidavit of defendant's attorney, much the same as the former one, with the additional statement of the refusal of the city marshal to verify the telegram sent by him as to defendant's health; also an affidavit of the defendant himself as to the collision, giving details thereof from his standpoint. The motions for continuance were overruled

and a jury was immediately called in the Roberts case and in the other case on the following day.

Our attention is directed by appellee to the fact that the motion for continuance claimed to have been filed in the Scheinert case on February 25, the affidavit of the defendant as to the collision, and the affidavit of defendant's wife as to defendant's illness do not appear among the original files of the Scheinert case, nor are they entered on the appearance docket in that case. However, the journal entry shows a hearing on the motion and disposes of the same in almost identically the same language used in overruling the motion in the other case.

On the trial the defendant, as a part of the defense, offered the affidavit of the defendant as to the facts of the collision, but on objection it was excluded because there had not been any showing of due diligence. After the verdict in each case a full and complete motion for new trial was filed and overruled.

The defendant appeals from these and other adverse rulings, urging an abuse of judicial discretion in not granting a continuance. It may be stated as a general rule that the granting or refusing of a continuance in a civil case is in the sound discretion of the trial court and it is always sustained unless there is an abuse of discretion. It may be that the trial court ascribed to the defendant some of the almost exasperating delays shown by the record to have occurred in these cases, some in the early stages thereof, and two or three in connection with the hearing of the motions for new trials for which no excuse is even attempted to be offered. But the attorney for defendant is not the one who is hurt if an injustice has been done in these cases. It is the defendant, residing in Texas, 1,250 miles distant, sick and unable to attend, if credence is to be given the affidavits of the physician and the wife of defendant. Instead of criticising the ruling of the trial court on February 18, when, with the telegram of the city marshal at hand, casting more than suspicion on both affidavits in support of the motions, we commend it as liberal under all the circumstances. But seven days later, on February 25, the day set for the trial, the motions were renewed on the same grounds and supported by the same or similar affidavits as before and supplemented with an affidavit of the defendant's wife, without any showing to the contrary and with a showing of refusal on the part of the city marshal to verify the substance of his earlier tele-

gram. Had the city marshal adhered to his former statement, there still might have been ground for grave suspicion of the sincerity of the defendant and his affidavits, but now we have the situation of knowing that possibly and naturally the very thing that influenced the court to refuse a general continuance on February 18 was not reliable nor dependable, and yet it was the only thing originally to offset the statements in the affidavits.

Other than the fact that the trial court saw the wife of the defendant in the court room on the day the motions were denied, and also saw and knew more intimately than we the attorney for the defendant who made one of the affidavits, we are in just as good a position to properly weigh and consider these affidavits as the trial court, which would not have been the case if there had been oral evidence used. The grounds for continuance in the statute are for good cause shown or on account of the absence of evidence (R. S. 60-2933 to 60-2934). If illness may be a good cause then both grounds support these motions. Illness is not always a good cause for continuance. It was so held in the case of *Roseberry v. Scott,* 120 Kan. 576, 244 Pac. 1063, where the party requesting it on that account had not only not made any effort to have his deposition taken, but "he made every possible effort to prevent the other side from obtaining his deposition." In *Gardner v. Deal,* 118 Kan. 351, 234 Pac. 944, it was held not error to refuse a continuance where it was determined upon conflicting evidence. We have no conflicting evidence here. The court did find that defendant had not exercised due diligence in the matter of taking his own deposition. Counsel for appellees cites cases where it is held to be the duty of a party to an action to prepare for the trial of the case and, if unable to attend, to take his own deposition. This is a wholesome rule, but of course subject to the varying surroundings of each particular case. Where one has been ill but is improving and expecting to attend, he might properly be excused from failure to take his deposition if he should suddenly be unable to attend. We do not have any of the facts along these lines. One is always presumed to plan to attend the trial of his own case if the distance is not too great.

We think where the showing was all one way and nothing to create any suspicion upon, or discredit of, the showing made, that a continuance should have been granted, and this conclusion is strengthened by the fact that the court later excluded from introduction the

only evidence of the defendant himself·as to the facts leading up to the collision. In all probability the court knew of the reason assigned for its later exclusion at the time of denying the motion. We think the continuance should have been granted for a reasonable length of time to give the defendant an opportunity to take his deposition.

Appellees call our attention to the fact that the notice of appeal was not made within six months after the ruling made February 18. We have registered our approval of the court's action at that time, whether that matter is strictly here for review or not, but the error we find was committed on February 25, which was fully within the time.

Appellees also cite cases to the effect that matters of error must be presented to the trial court before they can be reviewed, and in connection therewith the fact that the attorney for defendant was not present to present the same when the motions for new trial were finally heard and overruled. The matters of error were set out in unusual detail in the motions for new trial so that the court was fully advised of error here considered even if no one was present to argue the matter or furnish proof. There was, however, on file several affidavits as to misconduct of the jury in one of the cases.

A new trial should have been granted in each case to correct the error of denying a reasonable continuance to permit the taking of defendant's deposition.

The judgment is reversed with direction to grant a new trial.