No. 36,278

A. D. SHORE, an Individual doing business as the Shore Foundry and Machine Works, *Appellee*, v. A. CANTOR, *Appellant*.

(157 P. 2d 528)

Opinion filed April 7, 1945.

*Carl Van Riper* and *Russell L. Hazzard,* both of Dodge City, were on the briefs for the appellant.

*E. C. Minner,* of Dodge City, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an action to recover an amount claimed as the balance due for a sale of merchandise.

The case was filed August 24, 1943, and was first set for trial to a jury on April 29, 1944, the date of trial to be May 6, 1944. May 6 on application alleging illness of the defendant a continuance was granted until June 14. On the date last indicated defendant again made application for continuance on account of illness. This mo-

tion was resisted by plaintiff but was allowed by the trial court and the trial continued until July 22 on condition that defendant furnish and file on or before June 15 security in the amount of $1,000 in addition to the attachment levied at the time the action was instituted, otherwise the case to be tried on June 19, the trial to commence at 10 o'clock, a. m. of such day. The defendant refused to comply with the trial court's order. Instead, on the date and at the hour fixed, he renewed his application for a continuance which after argument was denied and the cause set down for trial forthwith. Thereupon, counsel for defendant announced they were not prepared for trial and would take no further part in the proceedings. The trial proceeded and, after hearing the plaintiff's evidence, the court rendered judgment in his favor for the sum of $15,135.37 and directed sale of the property theretofore attached in satisfaction of such judgment.

Defendant then filed a motion to set aside the judgment and for a new trial, on grounds (1) the court abused its discretion and erred in not granting defendant a continuance, and (2) the defendant could not appear and was not present at the trial because of illness as shown by his application for continuance and the affidavits and oral evidence offered in support thereof. This motion was denied. Thereupon, defendant appealed assigning as error (1) refusal to grant a continuance, (2) error in proceeding to trial on June 19 and rendering judgment against defendant when he was ill, and (3) overruling of the motion for a new trial.

At the outset it should be stated counsel for appellant frankly concede the general rule that the granting or refusal of a continuance in a civil case rests in the sound discretion of the trial court and that on appeal from an order refusing to grant a continuance its ruling will be upheld unless abuse of discretion appears from the record as presented. They rest their claim of error solely upon the ground the overruling of the application of a continuance in the instant proceeding was based on bias and prejudice and was so arbitrary as to amount to an abuse of that discretion which is vested in a trial judge under the statute as interpreted by our decisions.

With the issue thus stated we turn to facts upon which appellant must rely to sustain his contention. Briefly summarized they are that on presentation of his applications for continuance, both on June 14 and on June 19 he presented his own affidavit, likewise affidavits of his wife and his physician to the effect that since the in-

stitution of the action he had been suffering from a mental disorder which made it impossible for him to counsel with his attorneys, prepare his case or be present at the trial. One of his attorneys, a Mr. Sam White of St. Louis, Mo., was present at the hearing on June 19. He was sworn as a witness and corroborated the statements made in such affidavits. The appellee in resisting the applications presented a report from a detective agency, employed by him to investigate appellant's condition, stating that while he had been a patient at a mental hospital in St. Louis, he had been discharged from that institution about a month prior to April 18, 1944, as much improved and that he had returned to his home in Jefferson City, Mo. Appellee also adduced evidence to the effect the attached property was insufficient to pay the amount of its claim, that it was of such character it was rapidly deteriorating in value and that further continuance would materially affect prospects of collection on any judgment that might be rendered by the court.

Under the facts heretofore related, if no others vital to the determination of this appeal existed, we are not too certain it can be said the trial court abused its discretion in refusing to grant a continuance. It may well be it did not believe the affidavits submitted by the appellant, or that the report of the detective agency as submitted by appellee raised such a doubt as to the facts stated in such affidavits it resolved that doubt in his favor. In either event, since it cannot be successfully urged there was no conflict in the evidence regarding the true state of appellant's condition, we would experience difficulty in reaching the conclusion there was an abuse of discretion. (See *Gardner v. Deal,* 118 Kan. 351, 234 Pac. 944; *Powder Co. v. Bilby,* 104 Kan. 769, 180 Pac. 735, also *Roberts v. Sinkey,* 136 Kan. 292, 295, 15 P. 2d. 427.) Perhaps, also, the trial court read appellant's lengthy affidavit in support of his application for a continuance and concluded that if he could execute an instrument of that character his counsel could take his deposition and that in its absence, or a definite showing as to why an effort had not been made to procure it, a continuance should not be granted. Here again in that situation it would be difficult to reach the conclusion appellant's contention requires. (See *Roseberry v. Scott,* 120 Kan. 576, 744 Pac. 1063.) Be that as it may, and without passing upon the question under the factual situation to which we have just referred, we believe there are other facts and circumstances which preclude the sustaining of appellant's claim of error.

Under our statute the grounds for a continuance are (1) good cause shown (G. S. 1935, 60-2933) or (2) absence of evidence (G. S. 1935, 60-2934). No attempt was made by appellant to comply with the requirements of the latter section. Therefore, if the trial court committed any error it was in refusing to grant a continuance as required by G. S. 1935, 60-2933, which, insofar as it is pertinent here, provides:

"The court may for good cause shown continue an action at any stage of the proceedings *upon such terms as may be just*" (emphasis supplied).

While it is true the trial court on June 19 required the parties to proceed to trial in conformity with its former order, it must be remembered that this is not one of those cases where a continuance was summarily denied but one where the litigant seeking that relief refused to comply with the terms of the order granting it. It follows that *Roberts v. Sinkey*, supra, which we note in passing is the only one of our decisions cited by appellant as supporting his position, is not apropos to a determination of the instant situation because there a continuance was refused without the imposing of conditions under which it would be granted. We might further add, also inapplicable because refused under circumstances where there was no conflict in the testimony as to the condition of the party making the application for such continuance. Here the trial court had not refused a continuance but on June 14, when presented with the same application and supported by evidence identical in character, had granted it upon condition the appellant would furnish additional security in the amount of $1,000 on or before June 15. The appellant refused to comply with that condition within the time fixed and so far as the record shows when on June 19 he renewed his application he made no offer to comply with the order as theretofore made if at that time the trial court would act favorably upon it. So in the case at bar it appears we are in effect confronted with a situation where an appellant sought to dictate the conditions upon which a continuance would be granted under G. S. 1935, 60-2933, and now on appellate review asks us to hold the trial court guilty of abuse of discretion because he failed to make any attempt, so far as the record discloses, to comply with its order as made in connection with the very thing for which he made his application.

Irrespective of the question of whether on the making of an application for continuance supported by affidavits such as were presented there, a trial court abuses its discretion in summarily over-

ruling an application for continuance, we cannot say under the circumstances and conditions disclosed by the record, and to which we have just referred, the trial court abused its discretion in refusing a continuance in the case at bar on June 19. When on June 14 it made the order granting a continuance on compliance with its condition of additional security as contemplated and permitted by G. S. 1935, 60-2933—which we pause to note was not unreasonable in view of the amount involved in the action—it had every right to expect the appellant to comply with such order if the case was to be continued. The very least appellant could have done was to attempt to comply and if unsuccessful show cause why he could not do so. This he failed to do. Instead he flatly refused to comply, waited until the day the case was set for trial, and then renewed his application supporting it by the same evidence. Even then he made no offer to conform to the trial court's order or explain why he had not done so. Court orders are made to be complied with, not disregarded, and we are not disposed to approve of conduct evidencing an intent to ignore them. While the trial judge, if he had seen fit, might have permitted such conduct and granted the continuance as requested, this court cannot say he abused his discretion when he failed to do so.

It is suggested a remark made by the trial judge with respect to the merits of the controversy evidenced bias and prejudice. We shall not relate it. Even if given the construction placed on it by appellant—although fairness requires the statement it was susceptible of another—such remark now affords no basis for a reversal of the judgment. The statute (G. S. 1935, 60-511) provides the method for obtaining a change of venue on ground of bias and prejudice of the trial judge. Appellant made no attempt to invoke its terms after his application for continuance was denied and he is now in no position to do so.

The judgment is affirmed.