No. 24,569.

CHARLES L. HOTSAPILLAR, *Appellee,* v. THE SUPERIOR MOTOR COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*Purchase of Automobile—Action for Rebate—Trial—No Merit in Errors Alleged.* In an action by the purchaser of an automobile for a rebate on account of a credit agreed to be allowed for an old car turned in on the deal it is held that no error was committed in allowing an amendment to the pleading, in refusing a continuance, in rejecting testimony, in overruling a demurrer to the evidence, or in instructing the jury.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed June 9, 1923. Affirmed.

*William Keith,* and *Charles A. Walsh, jr.,* both of Wichita, for the appellant.
*Wilbur H. Jones, Earl Blake, W. A. Blake,* and *Harold L. Blake,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles L. Hotsapillar bought an automobile of the Superior Motor Company for $1,325. He turned in an old car, on which he received credit for $187.50. He sued the company, claim-

Hotsapillar v. Motor Co.

ing the agreement was that he was to receive a further credit for an additional $187.50 whenever it sold the old car, irrespective of what it brought, and that such sale had taken place. The case was first tried before a justice of the peace and was appealed to the district court. The company claimed the agreement was that upon the sale of the old car it was to give the plaintiff the net proceeds in excess of $187.50, and that such an amount had not been realized. The plaintiff recovered and the defendant appeals.

When the case was called for trial in the district court, the plaintiff was permitted to amend his bill of particulars by adding allegations to the effect that his written order for the car, stating the terms of sale, had been fraudulently altered by changing the statement of the credit he was to receive for his old car from $375 to $187.50. The defendant complains of the allowance of this amendment on the ground that it presented a new issue which it was not prepared to meet by reason of the absence of a witness. The trial court suggested that if that issue was in the case in the justice court the defendant could not well be surprised. No showing was made that such was not the fact. An application for continuance was made on account of the absence of the witness referred to, which was denied, his affidavit being admitted in evidence. It does not affirmatively appear that the claim of alteration had not been previously made. The amendment did not change the character of the action. The rulings made were within the court's discretion and afford no ground of reversal.

Objections to a number of questions asked of the defendants were sustained, but as the record does not show what the answers would have been, no question is presented for review. (Civ. Code, § 307.)

The contention is made that a demurrer to the plaintiff's evidence should have been sustained. One ground urged in support of this is that the plaintiff admitted that he gave his note for the balance of the purchase price without getting credit thereon for the final $187.50, and did not know why the defendant did not give him that credit then. This was fair matter for argument to the jury but does not conclusively prove that he was not to receive that sum after the old car was sold. A second ground presented is that no showing was made that the defendant had sold the old car. The plaintiff testified, however, that the car had been sold, and moreover in the defendant's opening statement it was said that the car had been let out on a contract for less than $187.50 net, that was soon defaulted, and a witness for the defendant described the transaction as a sale.

46—113 Kan.

The instructions are complained of as laying too much stress upon the issue of a change in the written contract. The jury were told that the plaintiff could not recover unless he first proved the fraudulent alteration and then established the agreement for a total credit of $375 for the old car. We think this sufficiently protected the defendant's rights.

The judgment is affirmed.