State v. Giles.

## No. 26,192.

THE STATE OF KANSAS, *Appellee*, v. CLEM GILES, *Appellant*.

### SYLLABUS BY THE COURT.

1. CONTINUANCE—*Absent Witnesses—Discretion of Trial Judge.* Error cannot be predicated upon the refusal to grant a continuance unless it appears that the trial court abused its discretion to the prejudice of the complaining party.

2. ROBBERY—*Trial Generally.* Various alleged errors considered and held not to be of substantial merit.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed October 10, 1925. Affirmed.

*Ben. F. Winchel,* of Osawatomie, for the appellant.

*Charles B. Griffith,* attorney-general, and *Carl V. Tarr,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Defendant appeals from a conviction of robbery in the third degree.

There was evidence showing that, in the early evening of April 23, 1924, C. O. Auger, of Osawatomie, drove in his automobile to the home of Lud Rose. It was dark when he arrived. Rose came out and got into the car with him. Rose had a quart jar of corn whisky. They both took a drink. Auger did not notice what Rose did with the whisky, but after they had talked there for a short time Rose proposed a drive to Beagle, a short distance away. They started and on the way were overtaken and passed by a car with one person in it. Rose remarked, "That is some car." They soon came to the car stopped in the road. The driver hailed them, indicating that he was in need of an automobile jack. Auger and Rose stopped. The stranger immediately covered them with a gun. He reached into the back seat of Auger's car and took Rose's jug of corn whisky, and, while holding the gun on them, said, "I caught you fellows with whisky on you. I am a United States officer from Topeka." With the gun on them, he ordered Auger into the front seat of his (the stranger's) car and Rose into the back seat, started (apparently) to take them to Paola to the county jail. On the way he told them that they were worth a lot of money to him; that they

1. Criminal Law, 16 C. J. § 821; 17 C. J. § 3578.   2. Criminal Law, 17 C. J. § 3751.

had been reported to him and he would have to turn them in; that he had sympathy for the old crippled man (Auger). He thereupon proposed that they each sign a statement that they had been caught with liquor on them and give him $500 each and he would let them go. Auger offered him a check. Rose claimed he had no money, but agreed to give him mules instead. He took them back to Auger's car, and they, at the point of his gun, signed statements that they had been caught with liquor in their possession, and agreed to meet at Rose's the next morning at ten o'clock, Auger to deliver $500 in cash and Rose to turn over the mules. Auger hurried to his bank early the next morning and drew $500 in $5, $10 and $20 bills. He arrived at Rose's at 10 a. m. Rose informed him that, "The man has been here and gone. The man is mad, dangerous, and will shoot. Hand him the money and say nothing to him." They proceeded together to where Rose said the robber would meet them, which was only a short distance along the highway, where they again met the robber. At the point of his gun he demanded that Auger pay the money. Auger did so and received back his statement, also the quart jar of liquor, which he (the robber) directed Rose to break. He then counted the money and commanded Rose to get in his car with him. Auger learned later that Giles and Rose were operating together. Giles was apprehended at Newton and was positively identified as the man who held Auger up at the point of a gun. Rose also was convicted. (See *State v. Rose*, 118 Kan. 583, 235 Pac. 868.)

The principal complaint is that the court abused its discretion in refusing defendant Giles a new trial. Prior to the commencement of the trial the defendant made application for a continuance on the ground of absence of three material witnesses. In support of his application he filed an affidavit setting out the statutory requirements for a continuance. The affidavit alleged that two of the absent witnesses would testify that the defendant was in Garnett at the time of the alleged hold-up.

The statute allowing continuance also provides:

"If thereupon the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence." (R. S. 60-2934.)

Upon the agreement of the county attorney that the absent wit-

nesses, if present, would testify as alleged in the affidavit, and that the affidavit be treated as the deposition of the witnesses, the court denied the application for continuance and the trial proceeded.

The defendant contends that the evidence of the absent witnesses, corroborated by other testimony, had it been properly considered, furnished a complete alibi; that when it was agreed that the affidavit would be treated as depositions of the absent witnesses, the defendant contemplated and had the right to expect that the evidence would be given the same consideration and the same weight as if the absent witnesses were present and testifying in court, but that the depositions were not given such consideration and weight by the jury. He furnished the affidavits of two jurors to the effect that the evidence set out in the depositions was not given the consideration and weight it would have been given had the witnesses been present and testified.

Whether or not there should have been a continuance in the first instance, and whether or not, under all the circumstances, the plaintiff was entitled to a new trial, were matters resting in the sound discretion of the trial court.

Referring to the provisions of the statute, *supra*, it was said in *State v. Bartley*, 48 Kan. 421, 29 Pac. 701:

"Here is a positive statutory declaration that if the opposite party will consent that the facts alleged in the affidavit shall be read in evidence, no continuance shall be granted. This court has passed upon this question in the following cases, and held that under the statute, where the facts alleged in the affidavit for continuance are admitted as the deposition of the absent witness, the party applying is not entitled to a continuance on account of such absent witnesses: *The State v. Thompson*, 5 Kan. 159; *The State v. Dickson*, 6 id. 209; *The State v. Adams*, 20 id. 311; *The State v. Rhea*, 25 id. 579; *Sanford v. Gates*, 38 id. 405; *Rice v. Hodge*, 26 id. 168; and *Brown v. Johnson*, 14 id. 377." (p. 424. See, also, *Burchett v. Manufacturing Co.*, 114 Kan. 138, 217 Pac. 284.)

The defendant cites and relies upon *State v. Roark*, 23 Kan. 147, which we do not regard as sustaining his contention. In that case the court permitted improper statements to be made by the prosecuting attorney, "that the affidavit was fictitious and a myth." The court also improperly instructed the jury in referring to the affidavit, saying, "Do you believe the defendant acted in good faith in making his affidavit for the continuance and truly believed he could secure the witnesses named therein, and that they would testify as he says?" These objectionable features did not occur in

the instant case. There were no prejudicial remarks by the prosecuting attorney nor improper instructions by the trial court. The affidavit was permitted to be read and was treated as the deposition of the absent witnesses by both parties and the court. It was the province of the jury, however, to weigh the evidence.

In our opinion the evidence was sufficient to justify the verdict of conviction and there was no abuse of discretion in refusing to grant the continuance. We find no error which would warrant a reversal.

The judgment is affirmed.