No. 30,725

C. W. SPENCER, *Appellee,* v. THE SOUTHERN KANSAS STAGE LINES COMPANY, *Appellant.*

(23 P. 2d 588.)

Opinion filed July 8, 1933.

J. W. Blood, F. W. Prosser, both of Wichita, and Carl Ackerman, of Sedan, for the appellant.

Hugo T. Wedell, of Chanute, and W. H. Sproul, of Sedan, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by an automobile driver for damages for injury to person and property resulting from collision with a culvert post when plaintiff was crowded off the road by one of defendant's buses. Plaintiff recovered judgment, and defendant appeals.

Defendant complains because a motion for continuance was overruled, the ground of the motion being absence of a material witness —the bus driver. The affidavit in support of the motion has been examined. The statements contained in the affidavit regarding opportunity to procure the testimony of the witness were inconsistent with each other. The affidavit did not disclose that due diligence was used to procure the testimony. The affidavit did not disclose with any definiteness the whereabouts of the witness or the probability of procuring his testimony within a reasonable time. The affidavit set out what facts affiant believed the witness would prove, but the affiant did not state he believed the facts to be true. Therefore, the affidavit was wholly insufficient. (R. S. 60-2934.)

It is contended a new trial should have been granted on the ground of newly discovered evidence.

Defendant's bus operated between Lawrence and Chanute. The accident occurred east of Welda. Whether the bus caused the acci-

dent depended upon whether the bus was greatly behind time and was at the place of the accident when the accident occurred. Witnesses for plaintiff gave testimony the bus was south of Richmond at a given time. This testimony helped materially to establish plaintiff's cause of action. At the hearing on the motion for new trial, defendant produced the affidavit of a witness, W. L. McCall, showing when the bus passed through Richmond. The affidavit tended to rebut the testimony of plaintiff's witnesses. It is contended defendant could not know plaintiff's witnesses would locate the bus in time and place as they did, and the testimony of McCall was newly discovered.

McCall's affidavit stated he was bus-depot agent at Richmond. The bus driver's time slip, introduced in evidence by defendant, showing time of leaving Lawrence and time of arrival at Chanute, showed the bus stopped at Richmond and purchased gasoline there. Affidavits on behalf of defendant, both for continuance and for new trial, stated that after the accident the bus driver, Bloom, went back over the line and checked his time with defendant's agents and the stations at which he stopped. The whole defense was that the bus was substantially on time at Richmond, at Garnett, at Welda, and at Chanute, and consequently could not have caused the accident. Defendant chose to call just one of its station agents, the agent at Garnett, whose testimony was contradicted, and the court was manifestly right in not granting a new trial to permit defendant to produce another station agent.

Other contentions of defendant that a new trial should have been granted are equally unsound, and it would be of no benefit to the bench and bar of the state to extend demonstration of unsoundness on the printed pages of the Kansas Reports. There was no occasion for an instruction to the jury, which defendant did not request, on the subject of positive and negative testimony. This court is not concerned with credibility of witnesses, or conflict in the evidence, or weight of evidence, and the verdict was well sustained by evidence. There is no indication the amount of the verdict was determined through passion and prejudice on the part of the jury, and the verdict was not excessive.

The judgment of the district court is affirmed.