No. 32,966

NELLIE RICHMOND, *Appellee,* v. GEORGE CLINTON and THE WICHITA CAB COMPANY, *Appellants.*

(58 P. 2d 1116)

Opinion filed July 3, 1936.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellants.

*Robert C. Foulson, George Siefkin, Sidney L. Foulson, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John F. Eberhardt* and *Paul H. White,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal injuries resulting from a collision between an automobile in which plaintiff was riding and a taxicab. Defendants were the Wichita Cab Company and the driver of the cab. Plaintiff prevailed, and the defendants appeal.

The collision occurred at the intersection of Broadway and Central avenues in the city of Wichita. Plaintiff was traveling north on Broadway, and the car stopped on the south of the intersection until the signal turned green. Plaintiff was seated in the front seat with the driver. The driver signaled for a left turn. The cab came from the north on Broadway and struck the automobile at the rear right wheel and fender. The cab continued across Central avenue and stopped. The driver then returned and admitted the accident was occasioned by his fault. The taxicab company is the principal appellant, and it will be designated as the defendant.

Defendant's first contention of error is that a continuance should have been granted. Defendant, at the start of the trial, moved for a continuance on account of the absence of the defendant cab driver. The substance of the motion was that the cab driver was the only eyewitness to the accident other than plaintiff and the driver of the automobile. In plaintiff's opening statement reference was also made to statements of a police officer who appeared at the scene of the collision. Following plaintiff's opening statement, defendant again moved for a continuance. The cab driver was not only an absent witness but a defendant. It appears prior continuances had been granted to defendant, due to the absence of the cab driver. No showing whatever was made as to the present whereabouts of either the cab driver or police officer. The latter was no longer employed by the police department. There was no indication when either of these parties might be found. The granting or refusing of a continuance rests in the sound discretion of the trial court. (*Powder*

*Co. v. Bilby,* 104 Kan. 769, 180 Pac. 735; *Hotsapillar v. Motor Co.,* 113 Kan. 720, 215 Pac. 1114.)

No attempt was made to comply with the statutory requirements for a continuance. (R. S. 60-2934.) The error complained of cannot be upheld. (*Minch v. Winters,* 122 Kan. 533, 253 Pac. 578; *Spencer v. Southern Kansas Stage Lines Co.,* 138 Kan. 5, 23 P. 2d 588.) In the Minch case it was said:

"Defendants did not follow the proper practice to obtain a continuance as prescribed by the code (R. S. 60-2934); the motion or request was not backed by a pertinent affidavit; and the error complained of cannot be sustained. (*State v. Giles,* 119 Kan. 417, 239 Pac. 756. See *State v. Ball,* 110 Kan. 428, 432, 204 Pac. 701; *Leach v. Urschel,* 112 Kan. 629, 635, 212 Pac. 111.)" (p. 541.)

Defendant next contends the evidence failed to show the cab driver was acting within the scope of his employment, and that the evidence in fact disclosed he was an independent contractor and not the agent or employee of the cab company. Neither contention is sound. True, defendant's evidence disclosed the cab was owned by an individual, its driver had been employed by the owner and the cab company received its pay from the owner. The cab company, however, held itself out to the public as a carrier of passengers. The public dealt with the cab company. Passengers did not call the owner for service, but called the cab company. The cab company notified the driver concerning the service requested and the driver performed that service. He performed it at the direction of the cab company. It was under this method the cab company operated its business and received its compensation. To permit a cab company to evade liability for injuries under these circumstances would indeed be an easy way to circumvent police ordinances requiring taxicab companies to carry insurance for the protection of the general public.

First, was the cab driver acting in the scope of his employment? The evidence clearly disclosed he had stopped just prior to the accident, northeast of the intersection, to load or unload persons. There was positive evidence there were at least two persons in the cab. Moreover, the evidence is that the cab driver himself said they were *passengers.* We need pursue that subject no further.

Second, was he an agent or employee of the cab company? In addition to what has been previously stated, the evidence further discloses the following pertinent facts: The cab company made the

application to the city of Wichita for a license to operate this identical cab No. 99; the license was issued not to the owner of the cab but to the cab company itself; on the outside of the cab appeared in bold print the words, "The Wichita Cab Company." The number "99" also appeared on the cab; George Clinton, the driver of this cab, was a licensed taxicab driver, and obtained his license from the city of Wichita. Clinton was the regular driver of this particular cab. The fact Clinton was employed by the owner of the cab did not prevent him from also being the agent of the cab company for the service it was rendering. The service rendered to passengers was performed directly through contact between passengers and the cab company and the driver. In this service the owner of the cab at no time appeared, and was completely unknown to the passenger.

Defendant further contends plaintiff was guilty of contributory negligence as a matter of law. The contention lacks merit. Joint enterprise is not in this case. The negligence of the driver is not for any other reason here imputed to plaintiff. Plaintiff was riding in the car. To be sure, she had a duty to exercise reasonable care for her own protection. The jury specifically found she had performed that duty when it found she was not guilty of contributory negligence. We have carefully examined the evidence, and especially that of plaintiff, to which defendant directs our attention. It contains some statements indicating plaintiff did not keep her eyes riveted solely on the cab, which had been stationary at a point northeast of the intersection. She was also observing another car which was about to enter the intersection from the east as the car in which plaintiff was riding turned to the left. Under all of the circumstances the jury found the car in which plaintiff was riding had the right of way as to the cab. We find no evidence to the contrary. No complaint is made concerning the instructions. There was abundant evidence to support the jury's finding absolving plaintiff of negligence. The finding must therefore stand.

Other minor contentions have been noted and examined, but are not considered of sufficient importance to require discussion.

The judgment is affirmed.