No. 51,208

STATE OF KANSAS, *ex rel.,* VERN MILLER, DISTRICT ATTORNEY, for the 18th Judicial District of Kansas, *Petitioner-Appellee,* v. WALTER C. RICHARDSON, Sedgwick County Treasurer, *Respondent-Appellant.*

(623 P.2d 1317)

Opinion filed February 28, 1981.

*Russell Shultz,* of Shultz, Fry & Fisher, of Wichita, argued the cause and was on the brief for the appellant-respondent.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee-petitioner.

The opinion of the court was delivered by

FROMME, J.: Walter C. Richardson appeals from an order declaring a forfeiture of his public office. He was treasurer of Sedgwick County, Kansas. The order was entered by a three-judge panel sitting en banc. The quo warranto proceeding was brought under K.S.A. 60-1201 *et seq.*

K.S.A. 60-1202 in pertinent part provides:

"Such action may be brought . . . in the district court in the following cases:

. . . .

"(2) Whenever any public officer shall have done or suffered any act which by the provisions of law shall work a forfeiture of his or her office."

K.S.A. 60-1205 sets forth grounds for forfeiture of public office as follows:

"Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, except those subject to removal from office only by impeachment, who shall (1) willfully misconduct himself or herself in office, (2) willfully neglect to perform any duty enjoined upon him or her by law, or (3) who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall forfeit his or her office and shall be ousted from such office in the manner hereinafter provided."

Nine charges were lodged against Richardson. It was alleged he credited several employees with time not worked and willfully utilized his public office to solicit sexual favors, impose sexual burdens, attempt to impose sexual burdens, hold out promises of financial rewards for sexual favors by approving payments from Sedgwick County for hours not worked, and did sexually harass female employees. We need not go into the sordid details disclosed by the evidence. Suffice it to say twenty women testified on behalf of the State regarding sexual harassment and false time sheets. One of these women wore a recording device and recorded details of a conversation initiated by Richardson which led to what appeared to be a lovers' tryst during working hours. The tape recording was played to the court during the trial.

Four of the nine counts of the complaint were upheld. The panel of judges found that all of the general charges summarized above were supported by evidence and that Richardson should forfeit his office because of willful misconduct for failing to follow the personnel policy of the county as to rates and hours of pay, and because of deliberate acts of sexual harassment against female employees.

The appellant, Richardson, raises five issues on appeal. In none of these issues does he question the sufficiency of the evidence to support a forfeiture of public office. He first argues the court erred in refusing to require the prosecution to stop inquisition proceedings when the quo warranto petition was filed in court.

K.S.A. 60-1208 provides:

"(a) In an investigation of grounds for ouster the attorney general and the county attorneys of the several counties of the state of Kansas shall have the power and they are hereby authorized and directed whenever complaint has been made and the names of the witnesses furnished them, *or whenever they deem necessary*, to issue subpoenas for such witnesses so furnished them, and for such persons as they shall have reason to believe have any knowledge of the truth of the complaint made, to appear before said attorney general or county attorney, *at a time and place to be designated in the subpoena, then and there to testify concerning the subject matter set out in said complaint.* Each witness shall be sworn true answers to make to all questions propounded to him or her, touching the matter under investigation, and the testimony of each witness shall be reduced to writing and be signed by the witness. The attorney general, assistant attorney general and the county attorneys of the several counties of the state are hereby authorized and empowered to administer the necessary oaths and affirmations to such witnesses." Emphasis supplied.

The respondent argues that K.S.A. 60-1201 makes quo warranto proceedings civil actions. The statute reads:

"Relief in the form of quo warranto shall be obtained under the same procedure as relief in other civil actions."

He contends the inquisitorial authority of the prosecution should end when the petition or complaint is filed and that thereafter the parties should proceed with discovery by deposition as per K.S.A. 60-230(b) and (h). K.S.A. 60-1208, authorizing inquisitorial powers in quo warranto actions, does not limit the powers to a period preceding the filing of a petition. The statute states that subpoenas for witnesses may be issued "whenever they [the attorney general or the county attorneys] deem necessary."

The remedy of quo warranto has its origin in both civil and criminal proceedings. It retains the character of a criminal prosecution to the extent that it is prosecuted in the name of the State and may expose the offenders to certain forfeitures but it is civil in nature as to the consequences of the proceeding. 65 Am. Jur. 2d, Quo Warranto § 6; *Ames v. Kansas,* 111 U.S. 449, 28 L.Ed. 482, 4 S.Ct. 437 (1884).

Kansas law of criminal procedure (K.S.A. 22-3213) provides that statements made by prosecution witnesses shall not be discoverable until said witnesses have testified on direct examination. Here they were made available before trial by consent of the State.

Kansas law of civil procedure provides that parties may obtain discovery by depositions, interrogatories, production of documents or things and requests for admissions. K.S.A. 60-226(*a*). The frequency of use of these methods is not limited. K.S.A. 60-226(*a*). Further, K.S.A. 60-230(*a*) specifically provides that *after commencement of the action* any party may take the testimony of any person by deposition upon oral examination.

In *State v. McQueen & Hardyway,* 224 Kan. 420, 429, 582 P.2d 251 (1978), inquisition proceedings under K.S.A. 22-3101 were permitted during a recess in a trial. There it is said:

"[T]here are no time limitations on the use of the inquisition process, and that the investigatory powers of the state do not end with the conclusion of a preliminary hearing."

A similar holding was stated in *State v. Jones,* 202 Kan. 31, 47, 446 P.2d 851 (1968).

Appellant admits he was provided with copies of the statements taken by the district attorney. He complains, however, that once the witnesses were questioned by the district attorney, they refused to talk to respondent's counsel or his investigator. K.S.A. 60-1201 states that relief by quo warranto shall be obtained under the same procedure as relief in other civil actions. If this be true, it would seem that under K.S.A. 60-226(*a*) and 60-230(*a*), respondent could have used the discovery tools. However, respondent did not attempt to use these tools so their use was not denied him, and the question of whether K.S.A. 60-226(*a*) and 60-230(*a*) are available for use in quo warranto actions is not before us in this case. We note in passing that *State, ex rel., v. Showalter,* 189 Kan. 562, 568, 370 P.2d 408 (1962), seems to indicate there are certain

restrictions on their use in quo warranto actions. See also *State v. Hill,* 193 Kan. 512, 518, 394 P.2d 106 (1964). We leave the question for future decision.

The prosecutor in this case merely took advantage of the tools provided him in K.S.A. 60-1208. Respondent made no attempt to use the discovery tools which on the face of the statutes were open to him. Respondent should not now complain since all statements taken during the inquisitorial proceedings were provided to him. We find no error in permitting the district attorney to continue his inquisitorial proceedings after the complaint had been filed in court.

The next issue concerns disallowance of respondent's motion for continuance. Tied in with this is respondent's claim that the administrative judge should have recused himself from ruling on the motion and from assigning the case for trial.

An affidavit for disqualification was filed under K.S.A. 1980 Supp. 20-311d. Subsection (*b*)(5) of this statute states:

"That the party filing the affidavit has cause to believe and does believe that on account of the personal bias, prejudice, or interest of the judge such party cannot obtain a fair and impartial trial or fair and impartial enforcement of post judgment remedies. Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists."

A copy of the affidavit filed against Judge Bryant was attached to appellant's brief on appeal. The only basis alleged for respondent's claim of bias and prejudice consisted of a recitation of adverse rulings made during the prior proceedings in the case. Therefore, the affidavit was legally insufficient under the statute to require disqualification. Previous rulings of a trial judge, although numerous and erroneous, are not alone sufficient to show the required bias or prejudice to disqualify a judge under K.S.A. 1980 Supp. 20-311d. Such rulings are subject to review and correction on appeal and will not justify disqualification. *Lindquist v. Ayerst Laboratories, Inc.,* 227 Kan. 308, 311, 607 P.2d 1339 (1980); *Schoonover v. State,* 2 Kan. App. 2d 481, 582 P.2d 292, *rev. denied* 225 Kan. 845 (1978).

In the present case Judge Bryant was administrative judge for the district. He did recuse himself from the trial of the case and assigned the case en banc to three other judges. However, as administrative judge under local rule he heard motions for continuance and assigned the case for trial. This court previously had

occasion to examine the questions raised by respondent in this regard. See *Collins v. Kansas Milling Co.,* 210 Kan. 701, 705-707, 504 P.2d 586 (1972). That decision is adverse to appellant's present position.

K.S.A. 60-240(*a*) provides:

"*Assignment of cases for trial.* The district courts shall provide by rule for the placing of actions upon the trial calendar (1) without request of the parties or (2) upon request of a party and notice to the other parties or (3) in such other manner as the judge deems expedient. Precedence shall be given to actions entitled thereto by any statute of the state."

Rules No. 105 and 107 of the Supreme Court relating to district courts (225 Kan. lviii, lix) authorize local rules and cover the duties of the administrative judges as to assignment of cases.

Granting or refusing a continuance rests in the sound discretion of the judge at the trial court level who has been given the duty of passing on the motion for continuance. *Scott v. Keyse,* 200 Kan. 625, 438 P.2d 112 (1968). In the absence of a showing of actual prejudice to the movant the decision of the trial court denying a continuance will not be disturbed. It is in the public interest that actions to declare a forfeiture of public office for official misconduct be tried and determined as soon as possible, consistent with fairness and justice. *State, ex rel., v. Cahill,* 222 Kan. 570, 579, 567 P.2d 1329 (1977). The trial of this case was not held until sixty days after the initial suspension hearing. The record in the present case indicates that counsel for respondent presented nine witnesses at the trial. He cross-examined the witnesses for the State with thoroughness and expertise. The issue raised is without substantial merit. No prejudice or abuse of discretion has been shown.

Appellant's next issue concerns the failure of the State to prosecute under a criminal statute, K.S.A. 21-3902, rather than to proceed in quo warranto for ouster. K.S.A. 21-3902 sets forth the elements of the crime of official misconduct in office, a class A misdemeanor. No question is raised as to the availability of this statute under the facts of this case. Appellant's argument is that quo warranto is an extraordinary remedy to be resorted to when no other adequate remedy exists. *State, ex rel., v. United Royalty Co.,* 188 Kan. 443, 363 P.2d 397 (1961).

In the early case of *State v. Rose,* 74 Kan. 262, 265-66, 86 Pac. 296 (1906), this court first examined what was then the new quo

warranto statute and held it is not incidental to criminal proceedings but is an additional proceeding independent of any criminal proceeding. The present quo warranto statute, K.S.A. 60-1201 *et seq.,* provides for proceedings to obtain a forfeiture of public office, and the wording of the statute indicates that the legislature intended this to be an additional proceeding, independent of criminal proceedings.

The case of *State, ex rel., v. Wilson,* 30 Kan. 661, 2 Pac. 828 (1883), cited by the appellant, was prosecuted under statutes no longer in effect. The statute then in effect did not provide for forfeiture of office for misconduct, independent of criminal prosecution. See syllabus eight of that case.

Whether to prosecute criminally or to merely bring ouster proceedings, or both, rests within the discretion of the attorney general, the district or the county attorney. In *State v. Greenlee,* 228 Kan. 712, 717, 620 P.2d 1132 (1980), it is stated:

"The discretion whether or not to prosecute has long been the sacred domain of the prosecutor and stems from the common law nolle prosequi. 'A nolle prosequi is a formal entry of record by the prosecuting attorney by which he declares.' that he is unwilling to prosecute a case, or that he will not prosecute a suit further.' 21 Am. Jur. 2d, Criminal Law § 512, p. 503. It has generally been held that '[i]n the absence of a controlling statute or rule of court, the power to enter a nolle prosequi before the jury is impaneled and sworn lies in the sole discretion of the prosecuting officer.' 21 Am. Jur. 2d, Criminal Law § 514, p. 504."

The duty of the prosecuting attorney to prosecute public offenses is not absolute, but qualified, requiring only the exercise of a sound discretion which permits him to refrain from prosecuting whenever he, in good faith and without corrupt motives or influences, thinks that a prosecution would not serve the best interests of the state, or that, under the circumstances, a conviction could not be had, or that the guilt of the accused is doubtful or not capable of adequate proof. 63 Am. Jur. 2d, Prosecuting Attorneys § 26, p. 354; *International Harvester Company v. Kansas City,* 308 F.2d 35 (10th Cir. 1962), *cert. denied* 371 U.S. 948 (1963).

In the present case, whether to exact from respondent the additional penalty of one year in jail as provided by the criminal statute should be left to the discretion of the prosecuting attorney. The appellant was not prejudiced by the decision of the prosecutor not to prosecute criminally.

Appellant contends we should require the trial courts of Kansas

to provide jury trials in actions brought for forfeiture of public office. He concedes under the present law a jury trial cannot be demanded of right in quo warranto actions. A history of the writ of quo warranto is set forth in *Wheeler v. Caldwell*, 68 Kan. 776, 75 Pac. 1031 (1904), where it is pointed out that, as the common law came to this country from England, a jury trial was not a matter of right.

Three judges sitting en banc were considered appropriate in the prior case of *State, ex rel., v. Cahill*, 222 Kan. 570, a quo warranto action, where it appears the evidence was sharply conflicting, the law difficult and the public interest keen. Three judges sitting en banc, although such is not required by statute, were assigned to the present case. Here the evidence was not sharply conflicting and the law was not difficult. We see no error and no reason to change the law of Kansas. A jury trial will not be required in quo warranto cases.

K.S.A. 60-239(*c*) makes it permissible for the court to try an issue with an advisory jury in actions not triable of right by a jury, with certain limited exceptions. This is made discretionary with the court. See *Grannell v. Wakefield*, 172 Kan. 685, 242 P.2d 1075 (1952).

A jury may be used to try a case on order of the court when all parties consent thereto. In the present case neither the court nor the prosecution consented thereto and a jury was not proper under such circumstances. See K.S.A. 60-239(*c*).

A jury trial is not a matter of right in quo warranto proceedings brought to declare a forfeiture of public office.

The judgment is affirmed.