NOT DESIGNATED FOR PUBLICATION

No. 116,506

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN DAUGHERTY and CYNTHIA DAUGHERTY,
*Appellants*,

v.

PULTE HOMES OF GREATER KANSAS CITY, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY and PAUL C. GURNEY, judges. Opinion filed August 18, 2017. Affirmed in part and dismissed in part.

*Joseph R. Borich III*, of Leawood, for appellants.

*Scott A. Wissell* and *M. Cory Nelson*, of Lewis Rice LLC, of Kansas City, Missouri, for appellee.

Before GREEN, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  This dispute has traveled a long and winding path before arriving to this court. Over the past 7 years, John and Cynthia Daugherty have sought relief—in both state and federal court—against Pulte Homes of Greater Kansas City, Inc., arising out of alleged construction defects of their home.

The Daughertys initially filed suit against Pulte Homes in Johnson County, Kansas, in 2009. Pulte Homes removed the case to federal court and then moved to compel arbitration in accordance with an express arbitration agreement contained in the purchase agreement executed by the parties prior to the construction of the Daughertys'

1

home. Ultimately, the federal district court dismissed the case. Following the dismissal of the first lawsuit, the Daughertys filed a second lawsuit in 2011 in Johnson County District Court. They also filed their purchase agreement claim with the American Arbitration Association for binding arbitration.

The parties arbitrated the purchase agreement claim in April 2013. Following a 3-day hearing, the arbitrator issued the award on July 22, 2013, ruling in Pulte Homes' favor on two separate grounds. First, the arbitrator found that under the purchase agreement the Daughertys were contractually obligated to provide notice to Pulte Homes of their claim and to give Pulte Homes an opportunity to cure. The arbitrator found that although the Daughertys had provided notice, they had failed to provide Pulte Homes the opportunity to cure. Second, the arbitrator found that the Daughertys' refusal to permit Pulte Homes to make any repairs to the home constituted a waiver of any right to repairs or the cost thereof and the Daughertys' actions constituted a knowing and intentional waiver of any right to seek damages for Pulte Homes' alleged failure to construct the residence in accordance with the plans and specifications.

After the issuance of the arbitration award, the Daughertys filed a motion to vacate the arbitration award in the Johnson County District Court. Pulte Homes filed a competing motion to confirm the arbitration award. After briefing and arguments, the district court confirmed the arbitration award on January 10, 2014. The award confirmation was properly served on all counsel the same day. The Daughertys did not appeal the award confirmation.

After the award confirmation, only Daughertys' claims for breach of express, implied, and limited warranties remained. The Daughertys sought and were granted leave to file a first amended petition which asserted six additional, yet overlapping, claims: breaches of limited warranty, a breach of implied warranty, a claim under the Kansas

2

Consumer Protection Act, a negligent misrepresentation claim, and a fraud by silence claim.

After the court dismissed several of the Daughertys' claims, Pulte Homes filed an answer and affirmative defenses to the first amended complaint for the remaining claims of breach of limited warranty, negligent misrepresentation, and fraud by silence. On April 21, 2015, Pulte Homes moved for summary judgment on these three claims. The Daughertys cross-moved for summary judgment in their favor. Following extensive briefing, several oral arguments, and submission of proposed journal entries, the district court's memorandum decision was filed September 30, 2015, granting Pulte Homes' motion for summary judgment on all remaining claims and denying the Daughertys' cross-motion for summary judgment.

The Daughertys then filed a series of motions seeking reconsideration of several of the district court's prior rulings. Of importance to this appeal, the Daughertys filed a motion requesting that the district court reconsider its January 10, 2014, confirmation of the arbitration award and a motion to alter, amend, or reconsider its September 30, 2015, summary judgment ruling. The Daughertys filed a premature first notice of appeal on October 26, 2015, which was docketed with our court on November 20, 2015, as case No. 114,775, and filed a premature second notice of appeal on February 8, 2016. However, this second appeal was never docketed with our court.

In a journal entry filed February 12, 2016, the district court denied the motion to reconsider the arbitration award confirmation on four grounds: (1) The Daughertys sought to relitigate issues already decided by the district court; (2) the motion was barred by res judicata and the law of the case doctrine; (3) the motion was untimely because it was filed more than 22 months after the award confirmation was entered; and (4) the Daughertys failed to present the district court with any legal or factual basis for altering, amending, or vacating the award confirmation.

3

The district court also denied the Daughertys' motion to alter, amend, or reconsider the district court's September 30, 2015, summary judgment ruling, holding that (1) the district court correctly applied the summary judgment rules; (2) the district court correctly applied Kansas law in determining which of the findings of fact from the arbitration award were conclusively determined and the preclusive effect of the final arbitration award on the Daughertys' remaining claims; (3) the district court applied the doctrines of collateral estoppel and res judicata; (4) the Daughertys did not plead and could not state a claim for breach of the warranty of completion of construction; (5) Pulte Homes sufficiently pled and did not waive its affirmative defenses; and (6) the district court was not required to rule on the Daughertys' motion to compel in advance of ruling on the parties' motions for summary judgment.

Then, on February 19, 2016, the district court filed a judgment that stated in its entirety:

> "Pursuant to K.S.A. 60-258, and in accordance with the Court's rulings in its September 30, 2015 Memorandum Decision and its February 12, 2016 Journal Entry, final judgment is hereby entered in favor of Defendant Pulte Homes of Greater Kansas City, Inc., as follows:
> > a.     Defendant's motion for summary judgment (doc. 122) is GRANTED in its entirety;
> > b.     Plaintiffs John and Cynthia Daughertys' motion for summary judgment (doc. 139) is DENIED in its entirety; and
> > c.     Defendant, as the prevailing party, is entitled to judgment against Plaintiffs in the amount of $3,817.94.
>
> "IT IS SO ORDERED."

In response, the Daughertys filed a third notice of appeal on February 22, 2016. This appeal was timely, but it was never docketed. This was followed by a fourth timely

4

notice of appeal filed February 25, 2016, which was docketed as case No. 115,427. On March 11, 2016, the Daughertys filed their opening brief in case No. 114,775 (the first appeal). On April 11, 2016, our court issued an order to show cause as to why cases 114,775 and 115,427 should not be consolidated. However, on April 25, 2016, the Daughertys filed motions seeking to dismiss both of the appeals in identical and voluminous motions entitled "Motion to Dismiss for Lack of Appellate Jurisdiction." Our court construed these motions as voluntary dismissals pursuant to Kansas Supreme Court Rule 5.04(a) (2017 Kan. S. Ct. R. 32).

After their voluntary dismissals, the Daughertys filed numerous motions in the district court. Although no trial was ever held, one of these motions was for a new trial. Pulte Homes objected to each of the motions on the basis that the district court no longer had jurisdiction to entertain the merits of any motion filed by the Daughertys. On June 3, 2016, the district court denied the new trial motion on timeliness grounds. In response to this denial, the Daughertys filed their fifth notice of appeal but, again, did not docket the appeal with this court.

On June 9, 2016, the Daughertys then filed a motion for a change of judge pursuant to K.S.A. 20-311d(a). The district court denied the motion on August 10, 2016, holding that the affidavit filed failed to establish a legal sufficiency justifying the request for the recusal and the motion was untimely.

The Daughertys pressed the district court for rulings on their other motions filed after the voluntary dismissal of their appeals with this court. On August 17, 2016, via email, the district court reminded the parties that a final judgment in the action had been issued on February 19, 2016, and that no further orders or judgments would be issued. In response, on September 1, 2016, the Daughertys filed their sixth notice of appeal which purports to appeal (1) every order and judgment addressed in appeal Nos. 114,775 and

5

115,427, and (2) the denial of the motions for a new trial and change of judge. The appeal was docketed with our court and is the basis for the appeal now at hand.

For clarity, the Daughertys' appeals are summarized as follows:

- **First Notice of Appeal** filed October 26, 2015
  - o Premature appeal docketed as case No. 114,775.
  - o Voluntarily dismissed April 28, 2016.
- **Second Notice of Appeal** filed February 8, 2016
  - o Premature appeal never docketed with this court.
- **Third Notice of Appeal** filed February 22, 2016
  - o Timely appeal of denial of motion to reconsider arbitration award confirmation and denial of motion to alter, amend, or reconsider September 30, 2015, summary judgment ruling.
  - o Never docketed with this court.
- **Fourth Notice of Appeal** filed February 25, 2016
  - o Timely appeal of judgment entered February 19, 2016
  - o Docketed as case No. 115,427.
  - o Voluntarily dismissed April 28, 2016.
- **Fifth Notice of Appeal** filed June 9, 2016
  - o Timely appeal of June 6, 2016, denial of motion for a new trial.
  - o Never docketed with this court.
- **Sixth Notice of Appeal** filed September 1, 2016
  - o Timely appeal of August 10, 2016, denial of motion for a change of judge.
  - o Notice of Appeal incorporated the timely fifth notice of appeal, as well as all other notices of appeal previously filed.
  - o Appeal docketed as case on hand.

6

DOES THIS COURT HAVE JURISDICTION OVER THIS APPEAL?

On appeal, the Daughertys attempt to make several rather convoluted arguments. In addition, it is nearly impossible to square the Daughertys' brief with the record on appeal. At first glance, the brief seems to cite to the record on appeal; however, upon further investigation, the brief cites to JIMS—the Johnson County District Court's electronic filing system—and to random pages of transcripts or filings in the record on appeal that do not support the factual statement asserted in the brief. Nevertheless, it seems the Daughertys argue: (1) The district court erred when it denied their motion for a new judge; (2) the district court erred when it refused to submit a final and appealable order regarding, among others, the Daughertys' motion for a new trial; (3) the district court erred when it did not consider Pulte Homes' use of alleged unlawful plans that did not bear an engineer's watermark or were not approved by the city of Lenexa; (4) the district court erred in confirming the arbitrator's award made contrary to public policy and in violation of the Daughertys' due process rights; (5) the district court erred granting Pulte Homes' motion for summary judgment on the Daughertys' limited warranty claims; and (6) the arbitrator and trial court erred when they failed to enforce the Daughertys' rights in the purchase agreement and the warranty of completion of construction. However, as a threshold question, we must first determine whether we have jurisdiction over the issues raised in this appeal before we can consider the merits of the Daughertys' arguments.

In the current appeal, Pulte Homes filed a motion for involuntary dismissal of the appeal for lack of appellate jurisdiction; we denied this motion on present showing. Pulte Homes then filed a motion for an order to show cause as to why the appeal should not be dismissed for lack of jurisdiction. We also denied this motion, stating:

> "[I]t is impossible to make a final determination at this time about whether this court may accept jurisdiction. In the absence of the entire record on appeal, it is impossible to discern the exact nature of the district court's orders."

We then ordered the parties to brief this jurisdictional issue. The Daughertys completely ignore this request in their opening brief. Even more alarming, they only briefly address this issue in their reply brief while Pulte Homes thoroughly briefed the issue of jurisdiction.

> "The right to appeal is entirely statutory and not a right contained in the United States or Kansas Constitutions; subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. An appellate court has the duty of questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed." *McDonald v. Hannigan*, 262 Kan. 156, Syl. ¶ 1, 936 P.2d 262 (1997).

An appeal may be taken to the Kansas Court of Appeals, as a matter of right, from any final decision. K.S.A. 2016 Supp. 60-2102(a)(4). "A final decision generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court." *Newcastle Homes v. Thye*, 44 Kan. App. 2d 774, 796, 241 P.3d 988 (2010) (citing *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 29, 59 P.3d 1003 [2002]). "The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case." *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015).

"If an appeal is voluntarily dismissed, such dismissal places the parties in the same position as if no appeal was ever filed." 5 Am. Jur. 2d, Appellate Review § 257, p. 58. "The voluntary dismissal of an appeal has the effect of leaving the parties in the position

they were in before the appeal was brought." 5 Am. Jur. 2d, Appellate Review § 820, p. 558.

Here, on February 19, 2016, the district court issued a final judgment in favor of Pulte Homes. This order reiterated the district court's prior summary judgment orders in favor of Pulte Homes and awarded a $3,817.94 monetary judgment to Pulte Homes. At the time the district court entered its final judgment, the Daughertys already had one docketed appeal before this court. The Daughertys then filed another notice of appeal on February 25, 2016, which was also docketed. Inexplicably, the Daughertys voluntarily dismissed these two appeals because they claimed we lacked jurisdiction to hear the appeals. These voluntary dismissals had the effect of removing our jurisdiction over those appeals and placing the parties in the position they were in after the judgment was entered but before the appeals were taken.

The Daughertys did not file a timely appeal from the district court's judgment after they voluntarily dismissed their previous appeals. An appeal must be filed within 30 days from the "entry of the judgment" to be considered timely. K.S.A. 2016 Supp. 60-2103(a). "[A]n appellant's failure to file a notice of appeal in accordance with the time requirements of K.S.A. 60-2103(a) deprives an appellate court of jurisdiction." *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 119, 260 P.3d 387 (2011). Because we lack jurisdiction to consider any of the issues the Daughertys raise about the final judgment and all orders preceding the final judgment, the appeals of those issues are dismissed. However, the Daughertys have timely appealed the district court's denial of their motion for a new trial and motion for a change of judge; therefore, we may consider the merits of those appeals.

## DID THE DISTRICT COURT ERR IN DENYING THE DAUGHERTYS' MOTION FOR A NEW TRIAL?

The Daughertys argue the district court erred when it denied their motion for a new trial. The district court entered a final judgment in the case on February 19, 2016; the Daughertys filed their motion for a new trial on May 2, 2016. On June 3, 2016, the district court denied the motion as untimely. A timely appeal of the district court's order followed.

It is within the discretion of the trial court to grant or deny a new trial under K.S.A. 2016 Supp. 60-259(a). A ruling on a motion for new trial will not be disturbed on appeal except upon a showing of abuse of discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

"A motion for a new trial must be filed no later than 28 days after the entry of judgment." K.S.A. 2016 Supp. 60-259(b). "[T]he Kansas Legislature . . . removed all discretion from the district court to extend the time in which to file a K.S.A. 60-259(f) motion. See K.S.A. 60-206(b)." *Board of Sedgwick County Comm'rs*, 293 Kan. at 118. The Daughertys' motion for a new trial was filed 76 days after the entry of judgment. Not only was no trial held before the district court, but the motion also was filed outside the 28-day period. Therefore, the motion was untimely, and the district court was correct in denying the motion.

10

## DID THE DISTRICT COURT ERR IN DENYING
## THE DAUGHERTYS' MOTION FOR A CHANGE OF JUDGE?

The Daughertys also argue that the district court erred when it denied their motion for a change of judge. They filed their motion June 9, 2016, which was followed by an affidavit in support of the motion on July 5, 2016. The motion was transferred to another district court judge, who denied the motion on August 10, 2016. The district judge ruled the motion was without merit because the affidavit failed to provide facts and reasons which gave fair support to a finding of bias, prejudice, or impartiality; the claims offered were conclusory in nature without any factual support; and the motion was untimely because it was not raised at the earliest opportunity.

Although the Daughertys had filed their fifth notice of appeal before the filing of and ruling on their motion for a change of judge, that appeal had not yet been docketed and "the district court retains jurisdiction until an appeal is docketed with the appellate court." *Harsch v. Miller*, 288 Kan. 280, 286, 200 P.3d 467 (2009); *Sanders v. City of Kansas City*, 18 Kan. App. 2d 688, 692, 858 P.2d 833, *rev. denied* 253 Kan. 860 (1993), *cert. denied* 511 U.S. 1052 (1994). Because of this jurisdictional rule, jurisdiction over the case had not been removed from the district court and acquired by this court upon the mere filing of the fifth notice of appeal.

In civil cases, postjudgment relief is limited to those motions contained in K.S.A. 2016 Supp. 60-250(b) (renewed motion for judgment as a matter of law), K.S.A. 2016 Supp. 60-259 (motion for a new trial and motion to alter or amend a judgment), and K.S.A. 2016 Supp. 60-260 (motion for relief from a final judgment). A motion for a new judge is not one of the postjudgment motions allowed. Therefore, once the final judgment was entered on February 19, 2016, the district court had no authority to entertain such a motion. The district court was correct on procedural grounds to deny it.

Alternatively, even if we consider the merits of this issue on appeal, the Daughertys' argument is still without merit.

> "'When faced with an affidavit of prejudice filed pursuant to K.S.A. 20-311d, this court has unlimited review, and on appeal must decide the legal sufficiency of the affidavit and not the truth of the facts alleged. [Citations omitted.] We examine whether the affidavit provides facts and reasons pertaining to the party or his or her attorney which, if true, give fair support for a well-grounded belief that he or she will not obtain a fair trial. [Citation omitted.] We determine whether the charges are grounded in facts that would create reasonable doubt concerning the court's impartiality, not in the mind of the court itself, or even necessarily in the mind of the litigant filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances. [Citation omitted.]' *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 385, 22 P.3d 124 (2001)." *State v. Sawyer*, 297 Kan. 902, 908, 305 P.3d 608 (2013).

The Daughertys' affidavit filed in support of this motion simply listed the rulings that were adverse to them during the course of the litigation. A recitation of adverse rulings made during prior proceedings in an affidavit in support of a motion for a new judge is "legally insufficient under the statute to require disqualification. Previous rulings of a trial judge, although numerous and erroneous, are not alone sufficient to show the required bias or prejudice to disqualify a judge under K.S.A. . . . 20-311d." *State ex rel. Miller v. Richardson*, 229 Kan. 234, 238, 623 P.2d 1317 (1981). Therefore, the district court was correct in denying this motion.

Affirmed in part and dismissed in part.